UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WESTERN SEAFOOD COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-03-811 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**ORDER ABSTAINING FROM STATE COURT ISSUE AND
STAYING CASE PENDING STATE COURT LITIGATION**

Now before the Court are Plaintiff Western Seafood Company's ("Western Seafood") and Defendants Freeport Economic Development Corporation's and the City of Freeport's (collectively, "Freeport") Motions for Summary Judgment. Western Seafood is requesting a summary judgment in its favor that contains a declaratory judgment and affirms the award of Western Seafood's attorneys' fees in a parallel state court action. Western Seafood alternatively asks the Court to abstain and to stay the case pending resolution of the state court issue by Texas courts. Western Seafood requests that the Court abstain from determining the state court issue, grant summary judgment in its favor, and dismiss the case with prejudice. For the reasons articulated below, the Court **ABSTAINS** and **STAYS** this case pending resolution of the state court issue in the Texas Court of Appeals, and, if necessary, the Texas Supreme Court.[1]

**I. Background and Analysis**

Western Seafood originally filed this action in 2003 in an effort to prevent the Freeport

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Economic Development Corporation from exercising eminent domain over Plaintiff's land.[2] This Court granted summary judgment in favor of Freeport on August 5, 2004, and Western Seafood appealed. On October 11, 2006, the Fifth Circuit issued an Opinion that affirmed the summary judgment on Western Seafood's claim under the United States Constitution and vacated the summary judgment on Western Seafood's claim under the Texas Constitution. The Fifth Circuit remanded the Texas Constitution issue to this Court and instructed the Court to reconsider Western Seafood's claim under the Texas Constitution in light of the Texas Limitations on the Use of Eminent Domain Act, which was enacted in 2005. *See* Tex. Gov't Code Ann. § 2206.001 (Vernon Supp. 2006). The Fifth Circuit specifically mentioned that this Court may wish to abstain so that Texas courts can address the effect of the Act on the Texas Constitution.

A condemnation action proceeding concurrently with this action in Brazoria County Court has been resolved in favor of Western Seafood. *See Freeport Economic Development Corp. v. Western Seafood Co.*, No. 1032664 (Brazoria County Ct. No. 3 July 11, 2007) (Pls. Mot. for Summary J. Ex. D). The Brazoria County Court also awarded attorneys' fees and costs to Western Seafood.[3] An appeal of the Brazoria County Court decision is currently pending.

Freeport requests that the Court abstain from determining the state law issue in deference to the Texas court system and dismiss this case with prejudice. Western Seafood requests that

---

[2] The City of Freeport authorized the Freeport Economic Development Corporation to exercise the right of eminent domain.

[3] Western Seafood claims that it is entitled to attorneys' fees incurred in this action because it was necessarily associated with the state court action. In *Brazos County Water Control and Improvement District No. 1*, the Houston Court of Appeals, First District, upheld an award of attorneys' fees associated with complications involving the removal and subsequent federal appeal in a Texas condemnation proceeding. *See Brazos Co. Water Control & Improvement Dist. No. 1 v. Salvaggio*, 698 S.W.2d 173, 177 (Tex. App.—Houston [1st Dist.], 1985 writ ref'd n.r.e.).

the Court grant summary judgment in its favor, declare that "Defendants are denied the right to take Plaintiff's property," and affirm "the award of attorney's fees and costs to Western Seafood from Defendants' [sic] in accordance with the order Brazoria County Court at Law No. Three." Pl.'s Mot. for Summ. J. 18.  Alternatively, Western Seafood, like Freeport, requests that the Court abstain and defer to the Texas state courts.  However, unlike Freeport's request for a final dismissal, Western Seafood requests that the Court stay the case pending ultimate resolution of the state court action.  Western Seafood complains that, if the Court dismisses the case with prejudice and said dismissal addresses attorneys' fees, Freeport could argue *res judicata* regarding attorneys' fees in the state court appeal.

The Court agrees that dismissing the case with prejudice could serve to complicate matters in the state court action.  However, the summary judgment relief requested by Western Seafood would require this Court to make a determination regarding the constitutionality and potential retroactivity of a state statute, a matter that is best left in the competent hands of the Texas judiciary.  This Court is loathe to interfere with Texas's application of Texas law, and, accordingly, deems it appropriate to stay this case pending the ultimate resolution of this matter in state court.  The Parties should move to re-open this case once the state court appellate process is complete.

## II.  Conclusion

In accordance with the discussion above, the Court **STAYS** and administratively **CLOSES** this case pending ultimate state court resolution of the state court claims.  If necessary, the Court will address attorneys' fees and costs in its final Order after the case is re-opened.

**IT IS SO ORDERED**.

**DONE this the 15th day of August, 2007, at Galveston, Texas.**

Samuel B. Kent
United States District Judge